UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


-------------------------------X

JANE DOE, as Parent and Natural      No. 07-CV-5495 (WCC)(GAY)
Guardian, on behalf of
ADAM DOE, a minor,                             ECF Case

              Plaintiff,

     - against -

DEER MOUNTAIN DAY CAMP, INC.
and DEER MOUNTAIN BASKETBALL
ACADEMY,

              Defendants.

-------------------------------X

**ANSWER OF DEFENDANTS
DEER MOUNTAIN DAY CAMP, INC. AND
<u>DEER MOUNTAIN BASKETBALL ACADEMY</u>**


     The Defendants Deer Mountain Day Camp, Inc. ("DMDC") and

Deer Mountain Basketball Academy ("DMBA")(collectively, "the

Defendants"), by and through their counsel, for their Answer to

the Complaint of the Plaintiff Jane Doe, as parent and natural

guardian, on behalf of Adam Doe, a minor, state as follows:

***PRELIMINARY STATEMENT***

     1.   The Preliminary Statement in paragraph 1 appears to be

a statement to which no response is required.  To the extent a

response from the Defendants is necessary, the Defendants deny

each and every allegation contained therein.

2.    The Preliminary Statement in paragraph 2 appears to be a statement to which no response is required.  To the extent a response from the Defendants is necessary, the Defendants deny each and every allegation contained therein.

### JURISDICTION

3.    The Plaintiff's allegation is a statement of law to which no response from the Defendants is necessary.

4.    The Plaintiff's allegation is a statement of law to which no response from the Defendants is necessary.

5.    The Plaintiff's allegation is a statement of law to which no response from the Defendants is necessary.

6.    The Plaintiff's allegation is a statement of law to which no response from the Defendants is necessary.

### VENUE

7.    The Defendants admit that venue in this judicial district is proper.  Except as expressly admitted, the Defendants deny all remaining allegations of this paragraph.

### PARTIES

8.    The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and therefore are unable to admit or deny same.

9.   The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and therefore are unable to admit or deny same.

10.   The declaration in paragraph 10 is not an allegation to which a response from the Defendants is necessary.  The Defendants have consented to the Plaintiff and her son proceeding in this action under pseudonyms.

11.   The Defendants admit that DMDC is a closely-held corporation organized under the laws of New York State. Defendants deny that DMDC's principal executive office is located at 5 Ungava Drive, New City, New York.

12.   Admitted.

13.   The Defendants admit that in the summer of 2004, the Defendant DMDC, in addition to its day camp operations, promoted a one-week basketball camp, known as "Deer Mountain Basketball Academy."  The Defendants admit that the basketball camp was for boys and girls entering second through ninth grade.  Except as expressly admitted, the Defendants deny all remaining allegations of this paragraph.

14.   The Defendants deny that DMBA is a separate and distinct "enterprise."  The Defendants admit the remaining allegations of this paragraph.

### *FACTUAL ALLEGATIONS*

15.  The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and therefore are unable to admit or deny same.

16.  The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and therefore are unable to admit or deny same.

17.  Upon information and belief, the Defendants admit that Adam Doe and his mother and guardian, Jane Doe, initially met with Steven Loscher in or around July 2004 to discuss enrolling Adam in a basketball camp operated by Loscher at his own or another facility not owned or operated by either DMDC or DMBA. Except as expressly admitted herein, the Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph, and therefore are unable to admit or deny same.

18.  The Defendants deny organizing or operating any basketball academy or basketball camp session other than the August 23-27, 2004 camp.  Upon information and belief, the Plaintiff initially discussed with Steven Loscher the possibility of enrolling Adam Doe in a basketball camp not owned or operated by either DMDC or DMBA.  With regard to the remaining allegations of this paragraph, the Defendants are

without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and therefore are unable to admit or deny same.

19.  The Defendants admit that Jane Doe gave Mr. Loscher either $345 or $300 as payment for one week's tuition.  Except as expressly admitted herein, the Defendants deny all remaining allegations of this paragraph.

20.  The Defendants admit that a representative from DMDC notified Jane Doe that the Plaintiff and her son had been delinquent in returning to DMDC medical information that was required to be submitted by all basketball camp participants prior to their participation in the program.  The Defendants further admit that a representative from DMDC reached out on multiple occasions to the Plaintiff's family in an attempt to obtain the required medical information.  Except as expressly admitted herein, the Defendants deny all remaining allegations of this paragraph.

21.  The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph and are therefore unable to admit or deny same.

22.  Admitted.

23.  The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this

5

paragraph, and therefore are unable to admit or deny same.  The
Defendants specifically deny receiving the medical forms in a
timely manner from Adam Doe's pediatrician, and further deny
that the Plaintiff provided accurate medical information to the
Defendants on the DMBA application form.

24.  The Defendants admit receiving the "medical report"
form the business afternoon before the basketball camp was
scheduled to begin.  The document speaks for itself.  The
Defendants are without knowledge or information sufficient to
form a belief as to whether the statements in the document are
accurate, and are therefore unable to admit or deny same.

25.  The Defendants admit receiving the "medical report"
form the business afternoon before the basketball camp was
scheduled to begin.  The document speaks for itself.  The
Defendants are without knowledge or information sufficient to
form a belief as to whether the statements in the document are
accurate, and are therefore unable to admit or deny same.

26.  The Defendants admit receiving the "medication report"
form the business afternoon before the basketball camp was
scheduled to begin.  The document speaks for itself.  The
Defendants are without knowledge or information sufficient to
form a belief as to whether the statements in the document are
accurate, and are therefore unable to admit or deny same.

27.  Denied.  The documents speak for themselves.  In addition, the 2004 Enrollment Application, completed by the Plaintiff prior to receiving the "medical report" and "medication form," contained a general authorization for the Defendants to provide routine health care to Adam Doe, which the Plaintiff signed, along with a provision seeking information on "Other Health Comments" relevant to Adam Doe's participation in the basketball camp.  That provision was left blank.

28.  The Defendants admit that a nurse working for DMDC called the New City Pediatric Group on Friday, August 20, 2004 to follow up on Adam Doe's medical forms which had been received by DMDC on the afternoon of Friday, August 20, 2004.  Except as expressly admitted herein, the Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore are unable to admit or deny same.

29.  Denied, except that the nurse did ask about the pool.

30.  Denied.

31.  Denied.

32.  The Defendants admit that Roberta Katz spoke with Jane Doe via telephone on Saturday, August 21, 2004.  Except as expressly admitted, the Defendants deny all remaining allegations of this paragraph.

7

33.   The Defendants admit that during the Saturday, August 21, 2004 telephone call, Ms. Katz told the Plaintiff that due to the Plaintiff's failure to timely provide medical information to the Defendants, the Defendants were unable to determine whether or not reasonable accommodations could or should be made prior to the opening of the basketball camp two days later.   Except as expressly admitted, the Defendants deny all remaining allegations of this paragraph.

34.   The defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and are therefore unable to admit or deny same.

35.   Admitted.

36.   The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and are therefore unable to admit or deny same.

37.   The Defendants deny any illegal or discriminatory exclusion of Adam Doe from the basketball academy.   As to the remaining allegations in this paragraph, the Defendants are without knowledge or information sufficient to form a belief, and are therefore unable to admit or deny same.

38.   Denied.

39.  The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and are therefore unable to admit or deny same.

40.  The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and are therefore unable to admit or deny same.

41.  The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and are therefore unable to admit or deny same.

42.   The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and are therefore unable to admit or deny same.

### FIRST CAUSE OF ACTION:
### VIOLATION OF THE AMERICAN WITH DISABILITIES ACT

43.  The Defendants repeat and reallege their answers to each paragraph above as though fully set forth herein.

44.  The allegations in paragraph 44 state conclusions of law to which no response from the Defendants is necessary.  To the extent a response is required of the Defendants, the Defendants deny violation of the Title III of the Americans with Disabilities Act.

9

45.  The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and therefore are unable to admit or deny same.

46.  The allegations in paragraph 46 state conclusions of law to which no response from the Defendants is required.  To the extent a response is required of the Defendants, the Defendants deny violation of Title III of the Americans with Disabilities Act.

47.  The allegations in paragraph 47 state conclusions of law to which no response from the Defendants is required.  To the extent a response is required of the Defendants, the Defendants deny violation of Title III of the Americans with Disabilities Act.

48.  Denied.

49.  Denied.

50.  Denied.

*SECOND CAUSE OF ACTION:*
*VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW*

51.   The Defendants repeat and reallege their answers to each paragraph above as though fully set forth herein.

52.   The allegations in paragraph 52 state conclusions of law to which no response from the Defendants is necessary.   To the extent a response is required, the Defendants deny violation of the New York State Human Rights Law.

53.   The allegations in paragraph 53 state conclusions of law to which no response from the Defendants is necessary.   To the extent a response is required, the Defendants deny violation of the New York State Human Rights Law.

54.   The Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and therefore are unable to admit or deny same.

55.   Denied.

56.   Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Each and every cause of action asserted by the Plaintiff fails to set forth a claim upon which relief may be granted.

11

## Second Affirmative Defense

The Plaintiff's repeated failures to provide necessary medical information to the Defendants in a timely manner and Plaintiff's failure to accurately complete the basketball academy application form were legitimate, non-discriminatory reasons for refusing Adam Doe's admission to the basketball academy.

## Third Affirmative Defense

Representatives of DMDC were unable to speak with Adam Doe's physician because, apparently, he was on vacation. They did speak with an associated physician, Dr. Levy, late on the Friday preceding the Monday morning opening of the basketball academy. During this conversation, Dr. Levy, while refusing to discuss Adam Doe's specific medical condition, advised DMDC that a hypothetical person taking the medications Adam Doe was taking could encounter the side effect of transmitting blood through urine and stool, and to avoid a risk of the spread of the HIV virus if there were blood in the urine or stool, such a person taking these specific medications should swim in a separate pool not used by others, and that any toilet this person used should be scrubbed and cleaned after each use. The Defendants, relying upon Dr. Levy's statements, had no ability to implement either

of these recommendations, nor did they have sufficient time to seek medical confirmation of Dr. Levy's statements.

### Fourth Affirmative Defense

Due to the lateness of and/or incomplete medical information provided to the Defendants, the Defendants had no reasonable opportunity to determine if reasonable accommodations or modifications to their program could and/or should be made.

### Fifth Affirmative Defense

As to each and every cause of action, the Plaintiffs come to this Court with unclean hands.

### DEFENSES RESERVED

Defendants hereby give notice that they intend to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserve their right to amend their Answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants request that this action, and each and every cause of action contained in this Complaint, be dismissed with prejudice, that the Plaintiff's request for declaratory and injunctive relief be denied, the Plaintiff's request for compensatory damages, costs and attorney's fees be denied, and that the Defendants be awarded the costs they have incurred and will incur in defending against them.

DATED:      July 31, 2007
            Framingham, Massachusetts


                              RUBIN, HAY & GOULD, P.C.


                    By:     _____**s/**_____
                            Rodney E. Gould, Esq. (9871)
                            Email: rgould@rhglaw.com
                            Robert C. Mueller, Esq.(1882)
                            Email: rmueller@rhglaw.com
                            205 Newbury Street
                            P.O. Box 786
                            Framingham, MA  01701-0202
                            Tel:  (508) 875-5222
                            Fax:  (508) 879-6803


14